571 A.2d 410

COMMONWEALTH of Pennsylvania

v.

Joan ANDREWS, Appellant.

Superior Court of Pennsylvania.

Argued Oct. 13, 1989.

Filed Feb. 27, 1990.

John L. Doherty, Pittsburgh, for appellant.

Michael W. Streily, Asst. Dist. Atty., Pittsburgh, for Com., appellee.

Before WIEAND, TAMILIA and HESTER, JJ.

WIEAND, Judge.

We are asked in this appeal to determine whether a delay of two years and eleven months between conviction and imposition of sentence is a denial of appellant's right to a speedy trial under the Sixth Amendment to the United States Constitution or a violation of due process under the Fourteenth Amendment of the United States Constitution. After careful review and consideration of the circumstances present in this case, we hold that appellant's speedy trial and due process rights were not violated. Therefore, we affirm the judgment of sentence.

Joan Andrews was arrested on May 10, 1985, during a pro-life demonstration at the Women's Health Services Clinic in downtown Pittsburgh. She was tried by jury and, on November 12, 1985, was found guilty of criminal and defiant trespass.[1] After the verdict had been announced, Andrews asked the trial court if she could be immediately

---

1. Andrews was acquitted on charges of criminal mischief and resisting arrest.

sentenced. She told the court that if she were released on bond she would continue in her efforts to prevent the performance of abortions and stated that the only way the court could force her to obey the law would be to impose upon her the maximum term of imprisonment. The trial court declined Andrews' request for immediate sentencing and deferred sentencing so that post-trial motions could be filed and a pre-sentence investigation made. Bail was set at $5,000, which Andrews refused to post. Subsequently, Andrews filed a motion requesting a reduction of bail and, after consideration, the trial court released her on her own recognizance upon the express condition that she "not trespass upon the premises of any facility which performs abortions between the date of her release and any hearing on post-verdict motions."

After being released on bond and while post-trial motions were pending, Andrews was arrested in Florida for conduct occurring during another anti-abortion protest. She was subsequently convicted in Florida of burglary, resisting arrest and criminal mischief and was sentenced to prison for five years for burglary and to a concurrent one year term of imprisonment for resisting arrest and criminal mischief. Because she was incarcerated in Florida, Andrews did not appear for a hearing on post-trial motions scheduled for June 5, 1986, in Allegheny County.[2] The Assistant District Attorney informed the trial court of Andrews' incarceration in Florida; whereupon, the court revoked her recognizance bond and issued a warrant for her arrest. Andrews' post-trial motions were thereafter denied,[3] and sentencing was scheduled for July 7, 1986. Dur-

**2.** Prior scheduled hearings on Andrews' post-trial motions had been continued upon her own request and with the consent of all parties.

**3.** It is not clear from the record exactly when Andrews' post-trial motions were denied. No order denying these motions appears in the record. However, the trial court states in its opinion that Andrews' post-trial motions were argued by counsel and denied on June 5, 1986. In her statement of the case, Andrews also states that her post-trial motions were denied on this date. The Commonwealth, however, suggests that Andrews' post-trial motions were most likely denied on a date subsequent to June 5, 1986.

ing June, 1986, the Assistant District Attorney made inquiries of the Florida authorities regarding Andrews' availability for sentencing in Pennsylvania and was informed that he would be notified when Andrews was available. When the scheduled date of Andrews' sentencing arrived, she was again unable to appear because of her incarceration in Florida.

From the initial date of Andrews' scheduled sentencing on July 7, 1986, until April, 1988, there was no activity in Pennsylvania. During this period, the Commonwealth made no further effort to return Andrews from Florida, and she did not contact the trial court to arrange a date for sentencing. In April, 1988, Andrews' attorney wrote a letter to the trial court requesting that Andrews be returned from Florida so that sentence could be imposed. Thereafter, a status conference was held on May 20, 1988, and sentencing was scheduled for August 5, 1988. In order to effect Andrews' return from Florida for sentencing, the Assistant District Attorney, on June 28, 1988, sent to Florida authorities a request for temporary custody of Andrews pursuant to Article IV(a) of the Interstate Agreement on Detainers Act, 42 Pa.C.S. § 9101. Formal extradition proceedings were not initiated, however, because the Commonwealth assumed, in view of defense counsel's request, that Andrews would appear voluntarily.

When Andrews surprised the Commonwealth by refusing to waive formal extradition and contested her return to Pennsylvania, the Commonwealth was unable to obtain her presence at the hearing which had been scheduled for August 5, 1988. Therefore, sentencing was postponed until October 18, 1988, and the Commonwealth initiated formal extradition proceedings to return Andrews to Pennsylvania. Andrews was finally returned to Pennsylvania on October 14, 1988. The Governor of Florida commuted Andrews' sentence in that state to time served, the commutation to become effective only upon the imposition of sentence in Pennsylvania. On October 18, 1988, prior to sentencing, Andrews filed a motion to vacate and dismiss in which she

alleged that her speedy trial and due process rights had been violated. The trial court denied the motion and sentenced Andrews to time served (sixty-four days) and placed her on probation for a period of three years. Andrews filed a motion to modify sentence in which she renewed her speedy trial and due process claims, but this motion was denied. She then filed the instant appeal.

In *Commonwealth v. Greer*, 382 Pa.Super. 127, 132–133, 554 A.2d 980, 983 (1989), the Superior Court held that delay in sentencing may implicate the constitutional right to a speedy trial. See also: *Commonwealth v. Young*, 385 Pa.Super. 136, 139, 560 A.2d 204, 206 (1989). In examining an alleged violation of the right to speedy trial based upon delay in imposing sentence, we apply the following analysis:

> In determining whether a defendant's constitutional speedy trial right has been violated, it must first be determined whether the delay itself is sufficient to trigger further inquiry. *Barker v. Wingo*, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972); *Jones v. Commonwealth*, 495 Pa. 490, 434 A.2d 1197 (1981). If the delay is sufficient to trigger further inquiry, the reviewing court must balance the length of the delay with the reason for the delay, the defendant's timely assertion of his right to a speedy trial, and any resulting prejudice to the interests protected by the right to a speedy trial. *Barker v. Wingo, supra; Commonwealth v. Pounds*, 490 Pa. 621, 417 A.2d 597 (1980).

*Commonwealth v. Glover*, 500 Pa. 524, 528, 458 A.2d 935, 937 (1983). See also: *Commonwealth v. Pounds*, 490 Pa. 621, 627, 417 A.2d 597, 599 (1980); *Commonwealth v. Greer, supra*, 382 Pa.Super. at 134–135, 554 A.2d at 983; *Commonwealth v. Atkinson*, 364 Pa.Super. 384, 399, 528 A.2d 210, 217 (1987); *Commonwealth v. Tillia*, 359 Pa.Super. 302, 323, 518 A.2d 1246, 1257 (1986).

Instantly, we conclude that the delay of two years and eleven months between conviction and the imposition of sentence is sufficient to trigger further inquiry. See: *Commonwealth v. Pounds, supra*, 490 Pa. at 627–628, 417 A.2d

at 600 (delay of almost two years between conviction and sentencing sufficient to trigger further inquiry); *Commonwealth v. Tillia, supra,* 359 Pa.Super. at 323–324, 518 A.2d at 1257 (nineteen month delay between entry of verdict and sentencing justified further inquiry).

■ Although appellant contends that the delay was solely attributable to the Commonwealth, the trial court found that it was appellant who had been primarily responsible for the delay. The court reasoned as follows:

> [T]he reason for the delay must be attributed primarily to the defendant. The defendant, through her own actions, was arrested and incarcerated in Florida while she was free on bond prior to sentencing on this matter. Due to her incarceration, she did not appear for the original sentencing date of July 7, 1986, and the Commonwealth informed the Court that the authorities in Florida would notify the District Attorney's Office when Ms. Andrews was available for sentencing.... [T]he defendant did not make any further request for sentencing until April, 1988. When that request was made, we held a conference and set sentencing for August 5, 1988. Then, to our surprise, the defendant, who had made the request to be sentenced, refused to waive extradition. The defendant's refusal resulted in a further delay while the Commonwealth made arrangements for formal extradition proceedings. Once these extradition proceedings were completed, the defendant was extradited and sentenced immediately. Thus, the reasons for the delay in sentencing are: the defendant's incarceration in another state, the failure of the defendant or defense counsel to request sentencing, and the defendant's refusal to waive extradition.

Our own review of the record confirms that, although the Commonwealth is not wholly free from fault, it was appellant who was primarily responsible for the delay. Appellant delayed the hearing on her post-trial motions by requesting continuances on January 21, 1986 and April 22, 1986. The disposition of post-trial motions was delayed

further when she moved to dismiss because of alleged prosecutorial misconduct and when she decided to change counsel. A hearing on post-trial motions was then set for June 5, 1986, but appellant was unable to be present because in the meantime she had been arrested and jailed in Florida for conduct which was in violation of the conditions imposed by the Pennsylvania court when it released her upon her own recognizance. The delay caused by appellant's incarceration in Florida, therefore, cannot be attributed to the Commonwealth. The Commonwealth can be faulted, however, for failing to institute prompt extradition proceedings. Until appellant requested a sentencing date, the Commonwealth failed to commence proceedings to insure that appellant would be returned to Pennsylvania for sentencing. After appellant requested a date for sentencing, the Commonwealth contacted authorities in Florida concerning appellant's availability and sent a request for her temporary custody. Formal extradition proceedings were not commenced, however, because the Commonwealth assumed that appellant would waive such extradition because she had requested a date for sentencing. This failure contributed to the delay when appellant refused to return voluntarily to Pennsylvania. In view of appellant's express request that a date be set for her sentencing, however, the Commonwealth's assumption that she would be present voluntarily was not entirely unreasonable. The District Attorney may well have been misled by appellant's expressed desire to be sentenced. On balance, therefore, the sentencing court could find, as it did, that it was appellant who was primarily responsible for the delay and not the Commonwealth. The trial court's finding did not penalize appellant for exercising her right to insist upon formal extradition proceedings. It merely recognized that the delay in imposing sentence had resulted primarily from appellant's own conduct and not because of fault on the part of the Commonwealth. Cf. *Commonwealth v. Bass*, 260 Pa. Super. 62, 67, 393 A.2d 1012, 1015 (1978) (time during which defendant objects to extradition is excludable under Pa.R.

Crim.P. 1100); *Commonwealth v. McCafferty*, 242 Pa.Super. 218, 224, 363 A.2d 1239, 1241 (1976) (same).

■ Appellant argued that she had asserted her right to be sentenced promptly when she asked the trial court to be sentenced immediately upon return of the jury's verdict. The trial court rejected this contention, finding that appellant's remarks were a challenge to the court and not a bona fide request for immediate sentencing. The record supports the trial court's finding. Appellant's demand to be sentenced was made after the trial court had informed her that a condition of her bail would be that she could not unlawfully enter facilities which performed abortions. Appellant responded by asserting that accepting such a condition would violate her conscience and that the only way to prevent her from continuing to trespass, in order to prevent abortions from being performed, would be to give her the maximum sentence. Even more significant was defense counsel's statement, made concurrently with appellant's demand to be immediately sentenced, that she would not waive her appellate rights. Under these circumstances, the trial court could not properly sentence appellant without providing her with an opportunity to file post-trial motions. See: Pa.R.Crim.P. 1123; *Commonwealth v. Hurst*, 367 Pa.Super. 214, 217, 532 A.2d 865, 867 (1987) ("The proper procedure is to permit a defendant to file timely post-trial motions *after* the verdict is rendered, but *before* sentence is imposed."); *Commonwealth v. Hill*, 282 Pa.Super. 462, 466, 422 A.2d 1385, 1387 (1980) (post-trial motions must be disposed of prior to sentencing). Therefore, appellant's demand to be sentenced was not an assertion of her right to a speedy trial. The record discloses that she did not again request the imposition of sentence until April, 1988, more than two years and four months after the date of her conviction. She did not assert that her speedy trial rights had been violated until shortly before sentencing, on October 18, 1988. It seems clear, therefore, that she did not assert in a timely fashion her right to be speedily sentenced.

The purposes of the right to a speedy trial are:

to prevent oppressive pre-trial incarceration; to minimize anxiety and concern of the accused; and to limit the possibility that the defense will be impaired. *U.S. v. Ewell,* 383 U.S. 116, 86 S.Ct. 773, 15 L.Ed.2d 627 (1966). The latter interest is the most important interest protected by the Sixth Amendment, since it directly affects the fairness of the trial that the defendant will receive. *U.S. v. Ewell, supra.*

*Commonwealth v. Glover, supra,* 500 Pa. at 529, 458 A.2d at 938. See also: *Commonwealth v. Greer, supra,* 382 Pa.Super. at 137, 554 A.2d at 984–985; *Commonwealth v. Atkinson, supra,* 364 Pa.Super. at 401, 528 A.2d at 218. Instantly, appellant had not been incarcerated prior to her trial and she was only incarcerated for sixty-four days after trial before being released on bail. Her subsequent incarceration in Florida had been for conduct which was not only criminal in that state but which also was in direct violation of the terms of her bail in Pennsylvania. Thus, her incarceration in Florida cannot be said to have been caused by the delay in having her sentence imposed in Pennsylvania. Appellant has not alleged that she suffered anxiety as a result of the delay in having sentence imposed, and the length of time which she waited to assert her wish to be sentenced is indicative of a lack of concern on her part for the delay of which she now complains.

■ Appellant contends nevertheless that the delay of sentencing in Pennsylvania caused her to lose the opportunity to serve that sentence concurrently with the sentence she was already serving in Florida. In *Smith v. Hooey,* 393 U.S. 374, 89 S.Ct. 575, 21 L.Ed.2d 607 (1969), the United States Supreme Court recognized that a defendant who is imprisoned in another jurisdiction while awaiting trial on pending charges may be prejudiced because "the possibility that [she] might receive a sentence at least partially concurrent with the one [s]he is serving [in the other jurisdiction] may be forever lost if trial of the pending charge is postponed." *Id.* at 378, 89 S.Ct. at 577, 21 L.Ed.2d at 611 (footnote omitted). See also: *Commonwealth v. Stewart,*

221 Pa.Super. 1, 7 n. 1, 289 A.2d 126, 129 n. 1 (1972). Under the circumstances of this case, however, there is no basis for finding such prejudice. At the time when appellant was sentenced in Pennsylvania, the term of appellant's sentence in Florida had not yet expired,[4] but the Governor of Florida had commuted the balance thereof upon the condition of and at such time as sentence was imposed in Pennsylvania. In Pennsylvania, moreover, appellant was placed on probation. It may well have been the harshness of appellant's sentence in Florida which influenced the trial court to impose in Pennsylvania a sentence of probation rather than one of imprisonment. Thus, the court said at the time of sentencing:

> While I certainly do not condone the activities of Joan Andrews, it is particularly distressing to me to see a sister state try to exact a pound of flesh, so to speak— from everything that I have been able to learn about Joan Andrews and her Florida incarceration, I can only reach the conclusion that the authorities in Florida have attempted to break Joan Andrews both spiritually and mentally. Someone who firmly believes in the even handed administration of justice, I find Joan Andrews' treatment in Florida to have been extremely unfair. I cannot conceive that justice would be served by any further incarceration of this woman in the Commonwealth of Pennsylvania.

(N.T. 10/18/88 at pp. 41–42).[5] Any possible prejudice to appellant caused by the lost possibility of serving concurrent sentences, therefore, was mooted by the commutation of her Florida sentence and the avoidance of further imprisonment in Pennsylvania.

**4.** Although the precise time appellant had remaining on her Florida sentence cannot be discerned from the record, during the sentencing hearing in Pennsylvania, appellant's counsel stated that appellant had been incarcerated in Florida for two years and seven months.

**5.** The court sentenced appellant's co-defendant, Joseph Wall, to a term of imprisonment of not less than six (6) months nor more than twelve (12) months.

We agree with the trial court, therefore, that appellant's right to a speedy trial was not violated. Although a delay of two years and eleven months in sentencing is substantial, the length thereof is mitigated by appellant's own responsibility therefor, by the lack of any deliberate conduct on the part of the Commonwealth to cause the delay, by the failure of appellant to assert timely the right to be sentenced promptly, and the lack of significant prejudice as a result of the delay. Under all the circumstances, therefore, appellant failed to establish a violation of the Sixth Amendment's right to a speedy trial.

Appellant also failed to show a due process violation. Her reliance upon decisions in *Commonwealth v. Giovengo*, 188 Pa.Super. 220, 146 A.2d 629 (1958), *cert. denied*, 361 U.S. 843, 80 S.Ct. 94, 4 L.Ed.2d 81 (1959) and *United States ex rel. Giovengo v. Maroney*, 194 F.Supp. 154 (W.D.Pa. 1961), are misplaced. In *Commonwealth v. Giovengo, supra*, there was a delay of nearly three years from the date of the defendant's plea of guilty until his sentencing. This delay had been caused when the court deferred sentencing so that it could be determined if imprisonment on other charges, in another county, would have a rehabilitative or an adverse effect on the defendant. In addressing the defendant's claim that due process had been violated, the Superior Court held that "a sentence may be suspended or deferred for a period of time equal to the maximum term for which the defendant might have been sentenced, provided proper reasons are present to justify the delay." *Id.*, 188 Pa.Super. at 227, 146 A.2d at 632 (footnote omitted).[6] The Court determined that the delay had been justified, however, and found no violation of the defendant's right to due process. Both the Pennsylvania and United States Supreme Courts declined to review the decision. The defendant then initiated habeas corpus proceedings in the United States

---

**6.** Appellant in the instant case was convicted of criminal trespass, a felony of the third degree. This offense carried a maximum sentence of seven (7) years. As such, a delay of nearly three years before sentencing was not prima facie invalid under the holding in *Commonwealth v. Giovengo*.

District Court for the Western District of Pennsylvania. There, in *United States ex rel. Giovengo v. Maroney, supra,* the Court determined that a due process violation had occurred. The Court concluded that the reasons given to justify the delay were unreasonable and that the defendant had been prejudiced by the delay. The Court further found that defendant had repeatedly sought to be sentenced throughout the course of the delay.

In subsequent cases, the Superior Court has uniformly rejected due process claims based upon delays in sentencing where the defendant failed to assert a desire to be sentenced or was not prejudiced by the delay. See: *Commonwealth v. Button,* 332 Pa.Super. 239, 481 A.2d 342 (1984); *Commonwealth v. Moore,* 268 Pa.Super. 313, 408 A.2d 481 (1979); *Commonwealth v. Rutherford,* 252 Pa.Super. 348, 381 A.2d 952 (1977); *Commonwealth ex rel. Konchick v. Ceraul,* 197 Pa.Super. 171, 177 A.2d 125 (1962). More recently, in *Commonwealth v. Greer, supra,* the Court stated that in order to establish a due process violation because of a delay in sentencing "[n]ot only must the appellant prove [her] cause was prejudiced by the delay, but [s]he must also prove that the state's action in causing or allowing the delay was 'fundamentally unfair,' not merely undesirable...." *Id.,* 382 Pa.Super. at 139, 554 A.2d at 986, citing *United States v. Lovasco,* 431 U.S. 783, 790, 97 S.Ct. 2044, 2048–2049, 52 L.Ed.2d 752, 759 (1977); *Burkett v. Cunningham,* 826 F.2d 1208, 1221 (3d Cir.1987).

In resolving appellant's claim that she was denied her right to a speedy trial, we have already determined that she was, in large measure, responsible for the delay, that she failed to assert timely a desire to be sentenced, and that she did not suffer significant prejudice because of the delay in sentencing. Under these circumstances, we find nothing fundamentally unfair in the delay of two years and eleven months in imposing a sentence of probation. The trial court properly determined that she had not been denied due process.

The judgment of sentence is affirmed.