The order of the Superior Court should be reversed.

FLAHERTY, C.J., and NIGRO, J., join in this opinion in support of reversal.

**COMMONWEALTH of Pennsylvania**

v.

**Joseph Wayne ANDERS, Jr., Appellant.**

Superior Court of Pennsylvania.

Submitted April 7, 1997.

Filed Aug. 22, 1997.

---

**3.** In contrast, the Act as adopted by Pennsylvania seemingly lacks the requirement that police officers of other states be in pursuit of a suspected fleeing felon in order to lawfully cross state lines and make an arrest in Pennsylvania. Pennsylvania's version of the Act provides:

§ 8922. Authority of officers of another state to arrest in this Commonwealth.

Any peace officer of another state who enters this Commonwealth in close pursuit of a person, and continues within this Commonwealth in such close pursuit, in order to arrest him, shall have the same authority to arrest and hold in custody such person on the ground that he has committed a crime in such state which is an indictable offense in this Commonwealth as peace officers of this Commonwealth have to arrest and hold in custody a person on the ground that he has committed a crime in this Commonwealth.

42 Pa.C.S. § 8922.

George N. Zanic, Assistant Public Defender, Huntingdon, for appellant.

Robert B. Stewart, III, District Attorney, Huntingdon, for the Commonwealth, appellee.

Before McEWEN, President Judge, and DEL SOLE, BECK, TAMILIA, KELLY, HUDOCK, FORD ELLIOTT, SAYLOR and EAKIN, JJ.

PER CURIAM.

We certified this case for *en banc* review to address the following question: Does Pa. R.Crim. P. 1405 ("Rule 1405") require that a defendant who is not sentenced within sixty days of conviction or the entry of a plea of guilty or *nolo contendere* be discharged? We hold that Rule 1405 does not mandate discharge for untimely sentencing.

The facts and procedural history of the case are not complex. On April 26, 1996, appellant Joseph Wayne Anders, Jr. pleaded guilty to one count of driving under the influence of alcohol.[1]

Rule 1405(A) governs the timing of appellant's sentence. It reads, in relevant part, as follows:

### RULE 1405. PROCEDURE AT TIME OF SENTENCING

**A. Time for Sentencing.**

(1) Except as provided by Rule 1403.B [regarding psychiatric or psychological examinations], sentence in a court case shall ordinarily be imposed within 60 days of conviction or the entry of a plea of guilty or nolo contendere.

(2) When the date for sentencing in a court case must be delayed, for good cause shown, beyond the time limits set forth in this rule, the judge shall include in the record the specific time period for the extension.

The Huntingdon County court administrator originally scheduled appellant's sentencing hearing for May 23, 1996. Pursuant to Rule 1405(A)(1), absent good cause for delay, the trial court was to sentence appellant within 60 days of appellant's April 26 guilty plea—that is, by June 25, 1996. The court ordered a presentencing report to be completed by June 25.

The court administrator then rescheduled appellant's sentencing hearing for August 1, 1996. We cannot clearly discern a reason for this rescheduling. Testimony at the sentencing hearing suggests that the delay may have been in response to appellant's request to reschedule a certain meeting with a probation officer.[2] Yet that probation meeting took place on May 31, 1996, well within the

---

1. Specifically, appellant pleaded guilty to a violation of 75 Pa.C.S. 3731(a)(5). Two days before the court sentenced appellant, our supreme court held section 3731(a)(5) unconstitutional. *Commonwealth v. Barud*, 545 Pa. 297, 681 A.2d 162 (1996). However, appellant failed to raise the constitutionality of his conviction before the trial court or in the instant appeal. We therefore cannot address that issue here, as it is waived. Pa. R.A.P. 302(a) (issues not raised in the lower court are waived and cannot be heard for the first time on appeal); *Commonwealth v. Hawkins*, 295 Pa.Super. 429, 441 A.2d 1308 (1982) (Rule 302 applies even to issues of constitutional dimension); Pa. R.A.P. 2116(a) ("ordinarily no point will be considered which is not set forth in the statement of questions involved or suggested thereby.").

2. Colloquy at the sentencing hearing was as follows:

60–day limit imposed by Rule 1405(A). In short, the trial record provides no satisfying explanation for the 37–day delay from June 25, 1996 (the ordinary 60–day limit imposed by Rule 1405) to August 1, 1996 (the sentencing date).

On the sentencing date, appellant moved for discharge, arguing that he had not been timely sentenced under Rule 1405 and that no good cause was stated for the delay. The trial court denied the motion without comment. The court then sentenced appellant to imprisonment for thirty (30) days to twenty-three (23) months, as well as various fines, tests, completion of a rehabilitation program, and a period of probation. This appeal followed.

Appellant argues that (1) he was not timely sentenced under Rule 1405(A), and (2) pursuant to *Commonwealth v. Thomas*, 449 Pa.Super. 646, 674 A.2d 1119 (1996), the proper remedy for a Rule 1405(A) violation is to discharge appellant. We address each contention in turn.

■■■ First, we agree that appellant was not timely sentenced under Rule 1405(A). As noted above, the court sentenced appellant 37 days after the 60–day limit imposed by Rule 1405(A). Delays after 60 days are allowable "for good cause *shown.*" Rule 1405(A)(2), emphasis added. If good cause is shown, "the judge shall include in the record the specific time period for the extension." *Id.; see also* comment, ¶ 6 ("... the extension must be for a specific time period, and

the judge must include in the record the length of the extension."). We read this rule and the comments thereto [3] to require that the trial court first make a finding of good cause, and then reschedule defendant's sentencing to accommodate the specific good-cause delay. In the instant case, the trial court made no finding of good cause for delay. The court administrator simply rescheduled appellant's sentencing date without explanation. For this reason alone we find that the trial court violated Rule 1405(A).

■■■ Even if the trial court had comported with Rule 1405(A)'s technical requirements, we find that none of the Commonwealth's proffered reasons for delay constituted "good cause." Specifically, the Commonwealth contends that appellant was "unavailable for sentencing" from March 14–22, 1996, and again from March 26—April 16, 1996—periods that appellant had spent in an alcohol rehabilitation program. This argument is unfounded, as appellant did not even plead guilty until April 26, 1996. The Commonwealth next contends that the delay could be attributed to appellant's non-appearance at a probation interview. We have already addressed and rejected that argument above. Finally, the Commonwealth argues that delays in preparing the presentence investigation report contributed to the sentencing delay. There is no support in the record for this contention. We find that no showing of good cause or extraordinary circumstances was made in this case.[4] We

---

[APPELLANT'S COUNSEL]: Your Honor, I would move for the defendant to be discharged for failure of the Commonwealth to proceed with sentencing within 60 days from the date of his conviction. My client entered a plea on April 26, 1996, and unless the Commonwealth can show good cause why my client was not sentenced within 60 days, I believe the case of *Commonwealth v. Thomas* states that you must discharge him. And I do understand my client did reschedule a probation appointment. However, his meeting with probation was on May 31, 1996. That gives the Commonwealth clearly enough time to proceed, and they did not proceed within 60 days.

[MR. STEWART]: Your Honor, Mr. Anders was scheduled for sentencing May 23rd, 1996. That matter was continued to this date.

[APPELLANT'S COUNSEL]: And it wasn't continued because of me.

[MR. STEWART]: No, it was continued because he was unavailable for sentencing purposes.

[APPELLANT'S COUNSEL]: Sure, he was. He was out of rehab.

[THE COURT]: All right. I heard your motion. Motion denied. Now what do you have to say on behalf of your client?

*Sentencing hearing, 8/1/96 at 2.*

**3.** "Comments by the Supreme Court's criminal rules committee are not binding on the Superior Court, although those comments may be considered as effective aids in interpreting the meaning of the rule." *Commonwealth v. Reeb*, 406 Pa.Super. 28, 33, 593 A.2d 853, 856 (1991) (citation omitted).

**4.** "Good cause" for Rule 1405(A) purposes must necessarily be determined on a case-by-case basis. We trust that our courts will take heed of the official comment to Rule 1405(A), which

readily conclude that appellant was untimely sentenced under Rule 1405(A).

 The critical question for purposes of this appeal is the appropriate remedy, if any, for a Rule 1405(A) violation. Appellant argues that pursuant to *Thomas, supra,* he must be discharged. In *Thomas,* defendant was convicted of indirect criminal contempt. He then filed post-verdict motions. Such motions were inappropriate, because Pa. R.Crim. P. 1410 abolished post-verdict motions and required that such motions be filed after sentencing. *Id.* at 651–53, 674 A.2d at 1122. Nevertheless, 73 days later, the court heard and denied defendant's post-verdict motions. Twenty-eight days later, and one hundred eleven (111) days after conviction, the court sentenced defendant to six months' probation.

A majority of the three-judge panel in *Thomas* held that the trial court's 73-day delay in disposing of defendant's post-verdict motions did not constitute "good cause" or "extraordinary circumstances" warranting an extension of Rule 1405's 60-day limit. *Id.* More importantly for our purposes, the majority vacated defendant's sentence and discharged him from probation. The sole reason cited for this choice of remedy was "to effect the purpose of Rule 1405." *Id.*

We expressly overrule *Thomas* to the extent that it holds that discharge is an appropriate remedy for a violation of Rule 1405(A).[5] First, as noted by Judge Popovich in his dissenting opinion in *Thomas,* Rule 1405 does not provide "any remedy, much less the ultimate remedy of *discharge*," for its violation. *Id.* (Popovich, J., dissenting; emphasis in original). We also agree that if discharge were the appropriate remedy, our supreme court in enacting the rule would have so provided. *Compare* Pa. R.Crim. P. 1100(g) (defendant may apply for order dismissing charges with prejudice if defendant is not brought to trial within 365 days of date complaint is filed; application will be denied

if court determines that Commonwealth exercised due diligence and reasons for postponement were beyond Commonwealth's control).

*Thomas* also ignores and conflicts with the framework our case law has developed for analyzing claims of untimely sentencing. Our courts have recognized that a delay in sentencing may implicate two constitutional rights: the right to a speedy trial as guaranteed by the Sixth Amendment, and the right to a direct appeal as guaranteed by the Due Process Clause of the Fourteenth Amendment. *Commonwealth v. Glass,* 526 Pa. 329, 333–39, 586 A.2d 369, 371–73 (1991); *Commonwealth v. Greer,* 382 Pa.Super. 127, 133–38, 554 A.2d 980, 983–85 (1989). In the absence of a statute or further guidance by the supreme court to the contrary, we hesitate to grant relief for delays in sentencing unless the defendant's constitutional rights have been violated. *Cf. Commonwealth v. Brockway,* 429 Pa.Super. 609, 613–15, 633 A.2d 188, 191 (1993) (declining to hold that sentence is illegal if delay in sentencing exceeds maximum penalty for the crime; constitutional analysis "is far better suited to determine whether sentence was imposed in a fair manner because it balances society's interest in punishing the criminal with the defendant's interest in expeditious repose."). We examine each of these rights in turn.

We have held that "delay in sentencing may implicate the constitutional right to a speedy trial." *Commonwealth v. Andrews,* 391 Pa.Super. 363, 368, 571 A.2d 410, 412 (1990). Moreover,

> in determining whether a defendant's constitutional speedy trial right has been violated, it must first be determined whether the delay itself is sufficient to trigger further inquiry. *Barker v. Wingo,* 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972); *Jones v. Commonwealth,* 495 Pa. 490, 434 A.2d 1197 (1981). If the delay is sufficient

---

states that good cause extensions "are intended to be the exception rather than the rule," and that "Paragraph A(2) is not intended to sanction *pro forma* requests for continuances. Rather, it permits the judge to extend the time limit for sentencing under extraordinary circumstances only." At the very least, we read this rule to require that the delay (1) arise from a specific,

articulable cause which is (2) not attributable to the Commonwealth's own negligence or deliberate misconduct.

**5.** "One panel cannot overrule a prior panel opinion; en banc action is necessary." Darlington, McKeon, Schuckers & Brown, *Pennsylvania Appellate Practice* (2d ed.), § 3103:6.

to trigger further inquiry, the reviewing court must balance the length of the delay with the reason for the delay, the defendant's timely assertion of his right to a speedy trial, and any resulting prejudice to the interests protected by the right to a speedy trial. *Barker v. Wingo, supra; Commonwealth v. Pounds*, 490 Pa. 621, 417 A.2d 597 (1980).

*Commonwealth v. Glover*, 500 Pa. 524, 528, 458 A.2d 935, 937 (1983).[6]

■ An untimely sentence may also implicate a defendant's right to a direct appeal. "The Due Process Clause protects the right to direct appeal when that right is guaranteed by the state," as it is in Pennsylvania. *Greer, supra* at 138, 554 A.2d at 985. "In Pennsylvania, sentencing acts as the gatekeeper to the criminal appellate process. Thus, a delay in sentencing correspondingly delays an appeal." *Id.; see also Glass, supra* at 337–39, 586 A.2d at 373; Pa. R.Crim. P. 1410, 42 Pa.C.S.A. (appeals cannot be filed before sentencing).

■ "The asserted right to promptness in appeals is framed in terms of due process rather than the speedy trial right, inasmuch as the latter right does not extend to the taking of appeals." *Glass, supra* at 338, 586 A.2d at 373 (citations omitted). "The only significant difference between the test used in the speedy trial analysis and one employed in the due process analysis relates to the prejudice prong of the [*Glover*] test." *Greer, supra* at 139, 554 A.2d at 986.[7] A

defendant must establish that "the state's action in causing or allowing the delay was 'fundamentally unfair,' not merely undesirable, in order to establish a due process violation." *Id.*

Present Rule 1405 was adopted on March 22, 1993. Prior to the enactment of present Rule 1405, there was "no definitive rule limiting the length of time which may elapse between an adjudication or plea of guilty and the sentencing of the defendant." *See Commonwealth v. Button*, 332 Pa.Super. 239, 252, 481 A.2d 342, 349 (1984). Our courts were left to make *ad hoc* decisions as to when a delay in sentencing warranted further inquiry into a potential constitutional violation. *See, e.g., Andrews, supra* at 368–70, 571 A.2d at 413; *Greer, supra* at 135 n. 2, 554 A.2d at 984 n. 2 (both collecting cases; delays ranging from 19 months to 5 1/2 years considered sufficiently lengthy to trigger further inquiry). Rule 1405(A) eliminates the need for those *ad hoc* decisions with one clear, uniform standard. In doing so, Rule 1405(A) "promote[s] prompt and fair sentencing procedures by providing reasonable time limits for those procedures." Rule 1405, official comment ¶ 2. Rule 1405(A) also gives the court, with its crowded dockets, a "safe haven" of 60 days (plus delays for good cause shown) in which to sentence defendants without concern for a speedy trial or due process challenge. However, Rule 1405(A) does not alter our well-established inquiry as to whether a given delay in sentencing violates

---

**6.** Our courts have tended to focus on the third and fourth prongs of the test. As to the third prong, it is well established that when a defendant fails to assert his rights in a timely fashion (for example, when he waits until the eve of sentencing), this fact "counts substantially against his speedy trial claim." *Glass, supra* at 336, 586 A.2d at 372 (citing cases); *see also Commonwealth v. McCord*, 435 Pa.Super. 1, 11–13, 644 A.2d 1206, 1211 (1994); *Andrews, supra* at 370–72, 571 A.2d at 414; *Greer, supra* at 135–37, 554 A.2d at 984 (citing cases).

The interests protected by the right to a speedy trial include (1) preventing oppressive pretrial incarceration, (2) minimizing anxiety and concern of the accused, and (3) limiting the possibility that the defense will be impaired. *Glass, supra* at 337–39, 586 A.2d at 373. Where (as here) the complained-of delay takes place after the trial has concluded, "appellant cannot claim prejudice from oppressive pretrial incarceration

or impairment of his defense." *Id.* The interest in minimizing anxiety has often been considered slight at best, particularly if the defendant has been released on bail, or has been in jail on different charges, or has waited a substantial amount of time to assert his speedy trial rights. *Id., citing Glover, supra; see also McCord, supra* at 13–15, 644 A.2d at 1212; *Commonwealth v. Dehoniesto*, 425 Pa.Super. 83, 88–90, 624 A.2d 156, 159 (1993); *Greer, supra* at 137–38, 554 A.2d at 985.

**7.** The interests protected by the due process right to a prompt appeal include (1) preventing oppressive incarceration pending appeal; (2) minimizing anxiety and concern of those convicted awaiting the outcome of their appeals; and (3) limiting the possibility that a convicted person's grounds for appeal, and his or her defenses in case of reversal and retrial, might be impaired. *Glass, supra* at 339–41, 586 A.2d at 374.

a defendant's right to a speedy trial or to due process.

Because Rule 1405(A) sets forth a specific time limit for sentencing where previously there was none, yet leaves the rest of our speedy sentencing analysis unchanged, we conclude that Rule 1405(A) simply substitutes for the first *Glover* factor: namely, whether the delay itself is sufficient to trigger further inquiry. Specifically, if the defendant is sentenced more than 60 days after conviction or the entry of a plea of guilty or *nolo contendere, and* the delay after the 60th day is not justified by good cause shown, then the delay is sufficient to trigger further inquiry. Only then will the court analyze the other factors of the defendant's constitutional claim. On the other hand, if the defendant is sentenced within 60 days (and any extra time for good cause shown), then the inquiry ends and the defendant's constitutional claim cannot stand. It follows from the above analysis, and from the fact that Rule 1405(A) does not contain a separate enforcement provision, that there is no remedy per se for a Rule 1405(A) violation; Rule 1405(A) forms just one part of the court's analysis as to when a defendant's right to a speedy trial or to due process has been violated.

 In order to determine whether a defendant's speedy trial or due process rights were violated, the trial court should consider (1) the length of the delay falling outside of Rule 1405(A)'s 60–day–and–good–cause provisions, (2) the reason for the improper delay,[8] (3) the defendant's timely or untimely assertion of his rights, and (4) any resulting prejudice to the interests protected by his speedy trial and due process rights. *Glover, supra.* Prejudice should not be presumed by the mere fact of an untimely sentence. "Our approach has always been to determine whether there has *in fact* been prejudice, rather than to presume that prejudice exists." *Glass, supra* at 337, 586 A.2d at 372–73 (emphasis in original). The court should examine the totality of the circumstances, as no one factor is necessary, dispositive, or of sufficient importance to prove a violation. *Greer, supra* at 138 n. 4, 554 A.2d at 985 n. 4.

The analysis adopted today integrates new Rule 1405(A) with our long-standing jurisprudence in this area in a manner that accommodates several different concerns.[9] First, our supreme court in enacting new Rule 1405(A) has sent a plain message that trial courts should sentence defendants promptly (within 60 days), or account for the delay by showing good cause. We trust that in the great majority of cases, our trial courts will be able to comply with this new rule. In the event that they unaccountably delay sentencing, or abuse their discretion in determining what constitutes "good cause" for a delay, the trial court will be faced with a colorable appellate challenge on constitutional grounds. However, as our case law in this area makes amply clear, defendants seeking a windfall discharge, without first firmly establishing that their speedy trial or due process rights have been violated, are likely to be disappointed.

 Finally, we turn to the disposition of the case as to appellant Anders. We find that because appellant failed to present to the trial court or argue on appeal that the interests protected by his speedy trial and/or due process rights have been violated, he has waived this challenge. *See* footnote 1, *supra; Commonwealth v. McMillan,* 376 Pa.Super.

---

8. In light of Rule 1405(A)(2)'s good cause provisions, the "reason for the delay" factor now presumes that the delay was *not* for good cause. As noted *supra,* "good cause" delays do not even trigger a speedy trial claim. However, where the delay is not for good cause, courts should determine whether the delay was caused by deliberate wrongdoing, on the one hand, or negligence or overcrowding, on the other. The former reason weighs more heavily toward finding a violation. *See Glass, supra* at 335–37, 586 A.2d at 372.

9. *Cf. Commonwealth v. Saunders,* 454 Pa.Super. 561, 567–69, 686 A.2d 25, 28 (1996). In *Saunders,* the court declined to impose a per se rule of reversible error for a trial court's violation of Pa.R.Crim.P. 1108(a), which requires that an alternate juror who does not replace a principal juror be discharged before the jury retires. On the other hand, the court found that imposing *no* consequences for violating Rule 1108 would be equally unacceptable. After reviewing precedent in other jurisdictions, the court struck a balance between those two results, and found that prejudice to the defendant would be presumed, but rebuttable. *Id.* In the instance case, we strike a similar balance between a per se rule of immediate discharge and a rule which would effectively eviscerate Rule 1405's speedy sentencing provisions.

25, 38, 545 A.2d 301, 308 (1988) ("in determining whether a party should be given the benefit of retroactive application of a change in the law upon a particular issue, the controlling question is whether the reasoning of the new decision was urged as the basis for relief in the trial court by that party; if not, the issue has not been preserved in a manner to warrant retroactive application of the change in the law."), *citing Commonwealth v. Hernandez,* 498 Pa. 405, 411, 446 A.2d 1268, 1271 (1982).

The order of the trial court is affirmed. Jurisdiction relinquished.

FORD ELLIOTT, J., files a concurring and dissenting statement which is joined by McEWEN, President Judge, and KELLY, J.

FORD ELLIOTT, Judge, concurring and dissenting.

I join in the majority's opinion with respect to all issues except one: I cannot agree that appellant Joseph Wayne Anders, Jr. has waived the right to argue that the interests protected by his speedy trial and/or due process rights have been prejudiced. As such, I would remand this case to afford appellant the opportunity to make such an argument before the trial court, if he so desires.

Appellant raised, and did not waive, the issue of untimely sentencing. He relied exclusively on *Commonwealth v. Thomas, supra,* in arguing that his untimely sentence mandated immediate discharge. Appellant was entitled to do so, as *Thomas* was not only good law at the time of his appeal, but was also the only published opinion discussing the remedies for a violation of Rule 1405(A). The majority's opinion overrules *Thomas* and holds that a defendant must establish prejudice to the interests protected by speedy trial and/or due process rights. Thus, we have established a new standard for obtaining relief for a violation of Rule 1405(A). While the majority correctly declares that appellant was untimely sentenced, it fails to afford appellant the opportunity to present an argument that he is entitled to relief under the standards we announce today. Under these circumstances, I believe appellant should be afforded this opportunity. *Cf. Hill v. Thorne,* 430 Pa.Super. 551, 559–61, 635 A.2d 186, 190 (1993) (new pleading requirements for bringing a malpractice action against one's criminal defense counsel would be applied retroactively to plaintiff who brought suit under more relaxed pleading standards; this court remanded case to allow plaintiff the opportunity to amend pleadings to reflect new standard).