**COMMONWEALTH of Pennsylvania**

v.

**David GUFFEY, Sr., Appellant.**

Superior Court of Pennsylvania.

Submitted Feb. 10, 1998.

Filed April 1, 1998.

Michael A. Rutt, Sunbury, for appellant.

Anthony J. Rosini, District Attorney, Shamokin, for Commonwealth, appellee.

Before TAMILIA, OLSZEWSKI and BECK, JJ.

TAMILIA, Judge:

David Guffey, Sr., appeals from the September 30, 1996, judgment of sentence imposed after he pled guilty, on June 11, 1996, to defrauding secured creditors.[1] The court imposed a two-year probationary period and directed that appellant pay costs and restitu-

---

1. 18 Pa.C.S. § 4110.

tion. Relying on *Commonwealth v. Thomas,* 449 Pa.Super. 646, 674 A.2d 1119 (1996), appellant now argues he is entitled to a discharge of all charges as a result of the court's failure to impose sentence within sixty (60) days of the entry of his plea, as required by Pa.R.Crim.P. 1405(A)(1).

 Initially, we note that after an accused has entered a guilty plea, his appellate rights are generally limited to challenging the validity of the plea entered, the legality of the sentence imposed and the jurisdiction of the sentencing court. *Commonwealth v. Flood,* 426 Pa.Super. 555, 627 A.2d 1193 (1993), *appeal denied,* 537 Pa. 617, 641 A.2d 583 (1994). Appellant's challenge is to the legality of his sentence.

Pennsylvania Rule of Criminal Procedure 1405, governing the imposition of sentence, states in pertinent part:

**A. Time for Sentencing.**

(1) Except as provided by Rule 1403.B, sentence in a court case shall ordinarily be imposed within 60 days of conviction or the entry of a plea of guilty or nolo contendere.

(2) When the date for sentencing in a court case must be delayed, for good cause shown, beyond the time limits set forth in this rule, the judge shall include in the record the specific time period for the extension.

In *Thomas, supra,* a panel of this Court held that the proper remedy for the sentencing court's failure to comply with the directive of Rule 1405 was the discharge of all charges pending against the defendant. *Commonwealth v. Anders,* 699 A.2d 1258 (Pa.Super.1997) (en banc), however, expressly overruled *Thomas* and this Court held that discharge is not warranted unless the defendant's constitutional rights to due process or a speedy trial have been violated.

 Pursuant to *Anders,* if a defendant is sentenced more than 60 days after he is convicted or pleads either guilty or *nolo contendere,* and the court fails to set forth on the record "good cause" for the delay, then the court may consider defendant's sentencing argument only to the extent that he alleges his rights to a speedy trial or due process have been violated. Addressing the issue of "good cause," the *Anders* Court opined:

"Good cause" for Rule 1405(A) purposes must necessarily be determined on a case-by-case basis. We trust that our courts will take heed of the official comment to Rule 1405(A), which states that good cause extensions 'are intended to be the exception rather than the rule,' and that 'Paragraph A(2) is not intended to sanction *pro forma* requests for continuances. Rather it permits the judge to extend the time limit for sentencing under extraordinary circumstances only.' At the very least, we read this rule to require that the delay (1) arise from a specific, articulable cause which is (2) not attributable to the Commonwealth's own negligence or deliberate misconduct.

*Id.,* 699 A.2d at 1261–1262 n. 4. If the trial court has complied with the dictates of Rule 1405 and has set forth on the record "good cause" for the delay in sentencing, the inquiry will end. If, however, good cause is not established, the court will look to whether defendant's constitutional right to due process or a speedy trial has been violated.[2] An appellant's failure to argue that these constitutional interests have been violated will result in a waiver of the issue of untimely sentencing. *Anders, supra* (A claim of untimely sentencing under Rule 1405(A) is waived where appellant has not alleged a speedy trial or due process violation.).

In the matter before us, appellant argues the trial court did not set forth good cause or extraordinary circumstances which would justify sentencing him more than 60 days beyond the entry of his plea. Accordingly,

---

2. The *Anders* Court stated:

Our courts have recognized that a delay in sentencing may implicate two constitutional rights: the right to a speedy trial as guaranteed by the Sixth Amendment, and the right to a direct appeal as guaranteed by the Due Process Clause of the Fourteenth Amendment. (Cita-

tions omitted). In the absence of a statute or further guidance by the supreme court to the contrary, we hesitate to grant relief for delays in sentencing unless the defendant's constitutional rights have been violated.

*Commonwealth v. Anders,* 699 A.2d 1258, 1262 (Pa.Super.1997) (en banc).

appellant argues he is entitled to a discharge of all charges pending.

Appellant entered his guilty plea on June 11, 1996, at which time the court entered an Order stating that the plea was accepted for review only, with final acceptance of the plea being deferred until a pre-sentence investigation report (PSI) was prepared and received by the court. Sentencing was thereafter scheduled for September 30, 1996.

On August 27, 1996, the court conducted a consolidated evidentiary hearing to address generally the issue of untimely sentencing in Northumberland County. While appellant was not one of the original defendants party to this hearing, he thereafter petitioned successfully to have the transcript of the proceedings made part of this record. On September 27, 1996, appellant filed a motion to dismiss based on the fact that the court had violated Rule 1405. On September 30, 1996, the court denied appellant's motion to dismiss and imposed judgment of sentence.

In its Opinion issued in support of its decision to deny appellant's motion to dismiss, the trial court discussed the reasons for the sentencing delays experienced in Northumberland County, and explained in great detail the administrative problems which prevented the court from complying with Rule 1405. The court referenced the Chief Probation Officer's testimony and stated the delay in sentencing was due, in part, to overworked and underpaid caseworkers. The court reasoned as follows.

The Northumberland County Adult Probation and Parole Department, in addition to numerous other duties, process [sic] approximately six hundred (600) to seven hundred (700) pre-sentence investigation reports per year. Additionally, resignations averaged highest in the State resulting in over half of the probation staff having less than two years experience. In response to this problem, the Probation Department, through the response to this problem, the Probation Department [sic], through the Court, has repeatedly requested the county raise hours, salaries, provide overtime and on-call to the staff in order to improve resources and stability. Further, pursuant to the hours designated by the county for operation, the work week amounts to only 33 hours, the lowest work week for a fifth class county in the State. Although the Probation Department is under the direct supervision of the President Judge, the county is responsible for setting the hours of operation, salaries and designating financial resources to the department. This bifurcated system of dual management creates problems which affect the operation of the Court system, but which are completely outside of the power and control of the Court.

(Slip Op., Sacavage, J., 11/6/96, pp. 3–4) (footnotes omitted). In its Opinion, the court also mentions the fact that appellant's plea was initially accepted for *review* only. Therefore, the court had the power to reject the plea and no guarantee was made to appellant that he would indeed be sentenced when the case was called. Moreover, the record is devoid of any indication that appellant endured prejudice by not being sentenced within 60 days of the entry of his plea, or that a right of constitutional proportions had been violated.

 After a careful review of the record, we find that the trial court set forth good cause for sentencing appellant beyond the 60–day limit. Absent from the record is any indication of misconduct or negligence on the part of the Commonwealth, and the circumstances which existed in the Northumberland County court system constituting a breakdown in the court, as described in detail above, exemplify those "extraordinary circumstances" which the comments to Rule 1405 suggest should be present before sentencing can be extended beyond 60 days. Moreover, assuming *arguendo* that good cause was not established, appellant's appeal nevertheless would fail as he has not argued that the delay in sentencing implicated his right to due process or a speedy trial. This failure has resulted in waiver of those claims for the purpose of appeal. *See Anders, supra.* Lastly, appellant endured no prejudice from the delay in sentencing, as he was free on bond throughout the legal proceedings.

Judgment of sentence affirmed.