J-S51026-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| EMMETT COLEMAN | |
| Appellant | No. 1866 EDA 2014 |

Appeal from the Judgment of Sentence June 16, 2014
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0000752-2013

BEFORE:  GANTMAN, P.J., LAZARUS, J., and PLATT, J.[*]

MEMORANDUM BY LAZARUS, J.:                **FILED NOVEMBER 09, 2015**

Emmett Coleman appeals from the judgment of sentence entered in the Court of Common Pleas of Philadelphia County.  In addition, Coleman has filed a *pro se* "Request for Court Appointed Counsel."  After our review, we affirm the judgment of sentence, grant counsel's petition to withdraw, and deny Coleman's request for court-appointed counsel.

The trial court summarized the facts of this matter as follows:

At the trial for [Coleman], the complainant, Russell Pheifer, testified that on October 19, 2012, at approximately 7:45 in the evening, he was walking with his girlfriend coming back from Whole Foods [and] going to his apartment at 1520 Green Street in Philadelphia.  As they were approaching the apartment, Mr. Pheifer testified that he saw [Coleman] standing outside the apartment building leaning against a car.  [Coleman] was wearing a dark wool hat and a thermal and Mr. Pheifer testified

---

[*] Retired Senior Judge assigned to the Superior Court.

that he had never seen him before. As Mr. Pheifer and his girlfriend entered the apartment building through the front door using his key and were about to head up the steps to his apartment on the second floor, [Coleman] followed in behind them before the front door closed. Mr. Pheifer testified that [Coleman] followed him and his girlfriend up the steps and as they turned to go toward the apartment, [Coleman] was about four steps behind them. Mr. Pheifer testified that at that point he made sure his girlfriend was walking in front of him[,] and she went into the apartment first and he followed behind her. As the door to the apartment was closing, Mr. Pheifer testified that he felt the door hit him in the back with some force. Mr. Pheifer testified that he realized what was happening and he started to try to push the door close[d] as [Coleman] was pushing the door back on the other side. Mr. Pheifer testified that he heard [Coleman] say something to the extent of "I'm going to get in this door, open this door[,]" though Mr. Pheifer could not make it out clearly. This struggle lasted for about four or five seconds and Mr. Pheifer was able to push [Coleman] back off the door and close it. Mr. Pheifer then locked the door and called the police. About five to ten minutes later, the police officers showed up and Mr. Pheifer explained [] the situation. The officers then walked toward the back of the building on the first floor and saw that the door was propped open by a coat hanger. That back door led to an enclosed backyard of the apartment building. The back door is always locked and can only be entered from the outside by using a key. One of the officers, Officer Harvey, went down to the backyard to look around and found [Coleman]. [Coleman] was handcuffed and brought to Mr. Pheifer who identified him as the person who tried to get into his apartment. Mr. Pheifer testified that he never gave [Coleman] permission to enter into his apartment or the apartment building.

Police Officer Michael Harvey testified that on October 19, 2012, at approximately 8:00 p.m., his tour of duty took him and his partner Officer Girardo[,] who were dressed in plainclothes[,] to 1520 Green Street as they were responding to a burglary in progress. When they arrived at the location, Officer Harvey testified that they were met by Mr. Pheifer who told them about [Coleman] following him into the apartment building and then attempting to gain entrance into his apartment. Officer Harvey asked Mr. Pheifer which way [Coleman] had fled but Mr. Pheifer was not sure. Officer Harvey then decided to check the rear of

the building and that is when he saw the back door propped open with the hanger. At that point, Officer Harvey testified that he went out to check the backyard and he saw [Coleman] standing in the corner trying not to be seen. When [Coleman] saw the officer he attempted to climb the fence so Officer Harvey identified himself as a police officer and drew his weapon and ordered [Coleman] to the ground. Officer Harvey then placed [Coleman] in custody and brought him to Mr. Pheifer to identify.

Trial Court Opinion, 2/5/15, at 2-4 (citations omitted).

Coleman was arrested and charged with burglary and criminal trespass. A non-jury trial was held on November 26, 2013, and on December 2, 2013, the trial court found Coleman guilty of criminal trespass[1] only. The trial court sentenced Coleman to 19 to 60 months' incarceration on June 6, 2014. This timely appeal followed.[2]

On appeal, Coleman raises the following issues:

1. Was the evidence sufficient to prove criminal trespass?

2. Was the nineteen to sixty months' sentence [of incarceration] imposed for the offense of criminal trespass a legal sentence?

Brief for Appellant, at 2.

_____

[1] 18 Pa.C.S. § 3503.

[2] Coleman filed an initial timely concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b) with a request for an extension of time to file a supplemental statement upon receipt of all notes of testimony. The trial court granted the request for the extension of time, and Coleman filed a final concise statement on October 29, 2014.

Counsel has a filed a petition to withdraw pursuant to **Anders**, **McClendon**, and **Santiago**.[3] Based upon **Anders** and **McClendon**, counsel seeking to withdraw must: 1) petition the court for leave to withdraw, certifying that after a thorough review of the record, counsel has concluded the issues to be raised are wholly frivolous; 2) file a brief referring to anything in the record that might arguably support an appeal; and 3) furnish a copy of the brief to the appellant and advise him of his right to obtain new counsel or file a *pro se* brief raising any additional points that the appellant deems worthy of review. **Commonwealth v. Hernandez**, 783 A.2d 784, 786 (Pa. Super. 2001). Additionally, in **Santiago**, our Supreme Court held that counsel must state the reasons for concluding the client's appeal is frivolous. **Santiago**, 978 A.2d at 361.

Instantly, counsel's petition to withdraw states that he has examined the record and has concluded that the appeal is wholly frivolous. Counsel has also filed a brief in which he repeats the assertion that there are no non-frivolous issues to be raised and indicates the reasons for concluding the appeal is frivolous. Counsel has notified Coleman of the request to withdraw and has provided Coleman with a copy of the brief and a letter explaining Coleman's right to proceed *pro se* or with privately retained counsel

---

[3] **Anders v. California**, 386 U.S. 738 (1967); **Commonwealth v. McClendon**, 434 A.2d 1185 (Pa. 1981); and **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009).

regarding any other issues he believes might have merit. Accordingly, we find that counsel has substantially complied with the procedural requirements for withdrawal.

We next conduct our independent review of Coleman's issues raised in the *Anders* brief. Coleman first asserts that the evidence was insufficient to convict him of criminal trespass.

> As a general matter, our standard of review of sufficiency claims requires that we evaluate the record in the light most favorable to the verdict winner giving the prosecution the benefit of all reasonable inferences to be drawn from the evidence. Evidence will be deemed sufficient to support the verdict when it establishes each material element of the crime charged and the commission thereof by the accused, beyond a reasonable doubt. Nevertheless, the Commonwealth need not establish guilt to a mathematical certainty. Any doubt about the defendant's guilt is to be resolved by the fact finder unless the evidence is so weak and inconclusive that, as a matter of law, no probability of fact can be drawn from the combined circumstances.

*Commonwealth v. Lynch*, 72 A.3d 706, 707-08 (Pa. Super. 2013) (internal citations and quotation marks omitted).

"A person who enters any building or occupied structure, knowing that he is not licensed or privileged to do so is guilty of criminal trespass." *Commonwealth v. Goldsborough*, 426 A.2d 126, 127 (Pa. Super. 1981); *see* 18 Pa.C.S. § 3503(a). At trial, the testimony of Russell Pheifer established that Coleman did not have permission to enter Pheifer's apartment, Coleman broke the plane of the apartment's threshold, and the apartment was a separately occupied structure where Pheifer lived. Accordingly, when the evidence is viewed in the light most favorable to the

Commonwealth, it demonstrates that Coleman entered the apartment without privilege to do so, satisfying the elements of criminal trespass. **Goldsborough**, **supra**. Thus, Coleman's sufficiency of the evidence claim lacks merit.

Coleman next challenges the legality of his sentence. Specifically, Coleman asserts that his sentence was entered in violation of Pa.R.Crim.P. 704(A), which directs trial courts to impose a sentence within ninety days of a conviction. However, the time limit may be extended for "good cause" set forth on the record by the trial court, including "where the delay (1) arise[s] from a specific articulable cause which is (2) not attributable to the Commonwealth's own negligence or deliberate misconduct." **Commonwealth v. Guffey**, 710 A.2d 1197, 1198 (Pa. Super. 1998) (citation omitted).

Here, the trial court noted specific reasons on the record to explain the delay in Coleman's sentencing. The court noted that sentencing was delayed multiple times because Coleman was not brought to court while in custody. This type of delay is not attributable to the Commonwealth. **See Commonwealth v. Jefferson**, 741 A.2d 222, 224 (Pa. Super. 1999) (failure to bring down defendant despite writ not attributable to Commonwealth). The other delay in sentencing was caused by snow that forced the court to close. This, likewise, is not attributable to the Commonwealth. Accordingly, the delay in sentencing does not provide Coleman with a basis for relief. **Guffey**, **supra**.

Finally, we must address Coleman's *pro se* "Request for Court Appointed Counsel." In support of his request for court-appointed counsel, Coleman states that counsel has filed a brief outlining frivolous arguments and informed him he could retain new counsel, but has not told him how to do so. Essentially, Coleman acknowledges that he has received the correspondence with required information that counsel seeking to withdraw was required to send to him pursuant to **Anders** and **McClendon**. Counsel is not required to provide directions regarding how to obtain private counsel. Moreover, we have found Coleman's claims to be frivolous and note that his "Request for Court Appointed Counsel" includes no other alleged bases for relief. Consequently, we deny Coleman's request for court-appointed counsel.

Based upon the foregoing, we find Coleman's claims to be meritless. Therefore, we affirm the judgment of sentence and grant counsel's petition to withdraw.

Request for court-appointed counsel denied. Judgment of sentence affirmed. Petition to withdraw granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/9/2015

- 7 -