646 A.2d 652

**RICHLAND TOWNSHIP**

v.

**PRODEX, INC., and Earl Hellerman, Sr., and Earl Hellerman, Jr., Appellants.**

Commonwealth Court of Pennsylvania.

Argued May 9, 1994.

Decided July 29, 1994.

314

Douglas C. Maloney, for appellants.

William J. McCarthy, III, for appellee.

Before DOYLE and NEWMAN, JJ., and NARICK, Senior Judge.

NARICK, Senior Judge.

Prodex, Inc. and its principal owners (collectively, Prodex) appeal from the order of the Court of Common Pleas of Bucks County (August 24, 1993 order) in which the trial court held Prodex in contempt of its February 22, 1993 order, which enjoined Prodex from conducting certain manufacturing and

storage activities on three of its four parcels located in Richland Township.[1]

This case originated as an equity action brought by Richland Township to enjoin certain violations of its zoning ordinance against Prodex's welding operations.[2] Following three separate hearings, the trial court entered an opinion and decree nisi on July 17, 1992, enjoining Prodex from manufacturing activities beyond a certain 125-foot designated area, located in parcel 2. In addition, certain manufacturing activities on parcel 2 were either limited or prohibited. The trial court enjoined Prodex from any storage or manufacturing activities on parcels 3 and 4.[3]

On February 22, 1993, the trial court denied Prodex's posttrial motions and made the decree nisi absolute. This order was the subject of an appeal to this Court. *Richland Township v. Prodex, Inc.*, 160 Pa.Commonwealth Ct. 184, 634 A.2d 756 (1993) (*Prodex I*).[4]

**1.** Richland Township, Appellees herein, argue preliminarily that the trial court's August 24, 1993 order is not a final, appealable order because no entry of judgment had been entered before Prodex filed this appeal. Not until October 8, 1993, did the Township file a praecipe for judgment. The Township asserts that only after the entry of this judgment could Prodex have appealed. The Township further asserts that because Prodex filed a motion to open/or strike the judgment, which the trial court has not ruled upon, that this case should be quashed. While generally the entry of a judgment is required before an appeal may be filed, Pa.R.A.P. 905(a) states, "[a] notice of appeal filed after the announcement of a determination but before the entry of an appealable order shall be treated as filed after such entry and on the day thereof." Thus, where a notice of appeal is filed without the required entry of judgment, the subsequent entry of judgment cures the defect. The trial court could not act on Prodex's motion to open/or strike the judgment because once an appeal is filed the trial court no longer has jurisdiction. Pa.R.A.P. 1701(a). Therefore, in the interest of judicial economy, because judgment was eventually entered, we will not quash this appeal.

**2.** The action alleged Prodex violated zoning provisions against: 1) projecting strong and dazzling light; 2) extending a nonconforming use; 3) noise, dust and fumes; and 4) "junk yards."

**3.** No activity on parcel 1 was enjoined.

**4.** We affirmed the trial court's order enjoining Prodex from engaging in manufacturing activities or storage of materials on parcels 3 and 4. We also affirmed the trial court's prohibition of either storage of material

While *Prodex I* was pending in the Commonwealth Court, the Township commenced a separate contempt proceeding in the trial court against Prodex. Prodex filed an application for stay with the trial court. The trial court held a hearing on May 27, 1993, on the combined petition for contempt filed by the Township and the application for stay filed by, Prodex. The trial court entered an order from the bench (May 27, 1993 order) which provided for the assessment of a $500 per day fine for future violations. However, the trial court provided that in the event that the underlying cause of action was reversed on appeal,[5] "then obviously there would not be a collection of that $500 per day [fine]." (11a). The trial court, as a condition of staying the enforcement of the daily penalty, required a $100,000 bond.[6]

On June 29, 1993, the Township filed a "petition to reduce contempt fine to judgment." Prodex filed an answer to the petition, new matter and counterclaim. The new matter, alleged *inter alia*, that the contempt proceedings were in the nature of a criminal contempt, subject to certain statutory requirements, and demanded a jury trial pursuant to 42 Pa.C.S. § 4136. At a hearing scheduled for August 24, 1993, Prodex was to "show cause why the prayer of the petition to hold [Prodex] in contempt and reduce the fine imposed to judgment should not be made absolute." (99a). At the termi-

or manufacturing activity on parcel 2 beyond that area which is a permitted non-conforming use right but modified by expanding the non-conforming use on parcel 2 by 20%. We reversed the injunction prohibiting Prodex from engaging in business activities within areas not enjoined from use. (130a).

5. *Prodex I; see* n. 4.

6. The trial court directed that, if Prodex applied to this Court for a stay, the Commonwealth Court could determine whether or not the bond was appropriate. (12a). We denied Prodex's application for a stay without addressing specifically whether or not the bond was appropriate. Prodex asserts, therefore, that the trial court's stay was in effect still in place, albeit without bond, at the time of the August 24, 1993 hearing, because this Court did not determine the appropriateness of the imposition of the bond. However, we hold this argument to be without merit because Prodex's present appeal from that August 24, 1993 order removed the proceeding from the trial court's jurisdiction. Pa.R.A.P. 1701(a).

nation of this August 24, 1993 hearing, the trial court issued the following order from the bench:

> Based on the facts as I heard them up to the last date set forth ... which is August 23, 1993, I assess a penalty payable to Richland Township in the amount of $29,000, subject to the following: That if the activities which are in violation of the Zoning Ordinance are terminated within thirty (30) days of this date, including, of course, the removal of the operations of Prodex to another location within that period of time, the amount of the assessed penalty will be reduced to $15,000. With the further understanding that a continued violation of the provisions of the Court Order may be assessed at the rate of $500 per day.

(66a–67a). It is from this August 24, 1993 order that Prodex appeals.

▪▪▪ Prodex argues that the trial court erred in failing to grant its request for a jury trial because the August 24, 1993 hearing was an indirect criminal contempt proceeding which permits a jury trial under 42 Pa.C.S. § 4136.[7] We do not agree.

▪▪▪ Contempt may be of a civil or criminal character. Criminal contempt may be either direct, if committed in the court's presence, or indirect, if the obstructive act is committed beyond the court's presence. *Brocker v. Brocker*, 429 Pa. 513, 241 A.2d 336 (1968), *cert. denied*, 393 U.S. 1081, 89 S.Ct. 857, 21 L.Ed.2d 773 (1969). The distinguishing factor between civil contempt and indirect criminal contempt is the "dominant purpose" of the contempt proceeding. If the dominant purpose of the court is to *punish* the contemnor for past refusal to obey an order, the contempt is classified indirect criminal. If the dominant purpose of the court is to *coerce* the entity

---

7. Our scope of review when considering an appeal from a contempt order is limited to a review of whether the trial court abused its discretion or committed an error of law. *Stambaugh v. Reed Township*, 98 Pa.Commonwealth Ct. 306, 510 A.2d 1289 (1986).

into obeying the court's earlier order, the proceeding is civil.[8] *See In re Martorano,* 464 Pa. 66, 346 A.2d 22 (1975).

 Criminal contempt imposes a sanction that does not merely seek compliance with a previous order but is a specific punishment for an act done. The sanction cannot be obviated because of the completed offense. *Crozer–Chester Medical Center v. Moran,* 522 Pa. 124, 560 A.2d 133 (1989). Civil contempt is used to compel obedience by imposing a fine or imprisonment, which may be purged on obedience to the court's order. "The difference is best explained in Court house parlance; in civil contempt one has the 'key to the jail house.' That is, he may be released of sanction whenever he signals that he will obey the order." *Id.* at 131, 560 A.2d at 137.

In *Knaus v. Knaus,* 387 Pa. 370, 127 A.2d 669 (1956), the Supreme Court discussed several factors which point to civil contempt which includes, *inter alia:*

> Where the acts of contempt complained of are primarily civil in character and do not of themselves constitute crimes or conduct by the defendant so contumelious that the court is impelled to act on its own motion.

The procedural indicia of civil contempt are obviously present here. Therefore, we hold that the trial court did not err in denying Prodex's request for a jury trial as the action was civil in nature, with the dominant purpose to coerce compliance with the court order.

 The second issue presented by Prodex on appeal is the court error in assessing fines at the hearing on August 24, 1993, based on evidence that was impossible to use to arrive at any precise calculation of when and how Prodex was in contempt of the court's May 27, 1993 order. Here we must agree with Prodex.

---

**8.** The multi-step civil contempt procedure is not required if the contempt proceedings are predicated upon violation of an order entered after a full hearing, as is the case here. *Rouse Philadelphia Inc. v. Ad Hoc '78,* 274 Pa.Superior Ct. 54, 417 A.2d 1248 (1979).

Subsequent to the trial court's May 27, 1993 order, wherein it had assessed a fine of $500 per day for "any violation" of its previous order of July 17, 1992, the opinion of this Court in *Prodex I* was filed on November 24, 1993. Whereas the trial court on May 27, 1993, had enjoined Prodex from any welding and fabricating operations on lot 2 beyond a depth of 125 feet from Cherry Road, this Court reversed that aspect of the order and extended the area on lot 2 where fabrication activity was permitted to 20% of the entire area of lot 1 *and* the 125 feet on lot 2. This had the effect of allowing an expansion of Prodex's preexisting nonconforming use of permissible activity on lot 2 to approximately 193 feet from Cherry Road. And the sole evidence in the record from the August 24, 1993 hearing to substantiate any violation of Prodex was a log book or journal of activity (exhibit T–2) kept by a neighbor, Tony Rehak, whose testimony is devoid of any identification of which specific lot, or where on any particular lot, the offending activity of Prodex took place. (21a–28a).

The trial court calculated the amount of the fine by using T–2 as a multiplier, and simply counted the number of daily violations and multiplied that result (58) by $500.[9]

Further, even if the Chancellor would have been able to elicit from Mr. Rehak's testimony and exhibit T–2 the specific information to enable him to make a precise determination that the offending activity emanated from an area where such

---

**9.** THE COURT: I went down T–2 and marked off, giving the defendants the benefit of the doubt of those dates on which there was no activity, on which there was a holiday, on which there were no workers, even though on those days they might have been in violation by virtue of the materials that may still be lying on the ground in violation of the zoning ordinance, but in the very least I'm giving them the benefit of the doubt on the basis there was no noise, there was no glare or dust pollution or the other things that annoyed the neighbors; and having not counted those, I am going to take a moment and count them now. I am only counting those where it is noted activities such as shearing and other disturbing activities occurred.

THE COURT: I have counted fifty-eight dates, which at five hundred dollars a day I calculate to be twenty-nine thousand dollars. (65a–66a).

use was prohibited, that area, as the Chancellor then understood it to be, was **different** from which this Court decreed in *Prodex I.*

Accordingly, this matter must be remanded for a new determination, if such is within reason to resolve, of the proper fine which may be assessed against Prodex for its civil contempt.

## ORDER

AND NOW, this 29th day of July, 1994, the order of the Court of Common Pleas of Bucks County in the above-captioned matter is affirmed in part on the civil contempt and vacated as to fines, remanding to determine the proper fine to be assessed against Appellants. The trial court may take additional evidence to establish the fines as needed.

Jurisdiction relinquished.