674 A.2d 1119

**COMMONWEALTH of Pennsylvania**

v.

**Victor D. THOMAS, Appellant.**

Superior Court of Pennsylvania.

Submitted Oct. 10, 1995.

Filed April 16, 1996.

Terry W. Despoy, Altoona, for appellant.

Elizabeth A. Doyle, Assistant District Attorney, Hollidaysburg, for Commonwealth, appellee.

Before CIRILLO, POPOVICH and OLSZEWSKI, JJ.

OLSZEWSKI, Judge:

This appeal is from a judgment of sentence entered in the Court of Common Pleas of Blair County on May 25, 1995. We vacate the judgment of sentence and discharge appellant.

On December 17, 1994, appellant Victor D. Thomas was charged, by complaint, with Indirect Criminal Contempt[1] for violation of a Protection from Abuse Order dated September 28, 1994. The order prohibited appellant from having any

1. 23 Pa.C.S.A. § 6114.

contact with Angel M. Stroh, including harassment of her relatives. On February 3, 1995, appellant was found guilty of the contempt charge.[2] Appellant then filed post-verdict motions on February 13, 1995 which were denied by the lower court on April 27, 1995. Further, appellant filed a motion to dismiss on May 23, 1995 pursuant to Pa.R.Crim.P. 1405(A)(1). Consequently, the trial court summarily denied this motion and sentenced appellant to six months probation on May 25, 1995. This timely appeal follows.

On appeal, appellant claims that the trial court erred in failing to dismiss the instant case because: (1) the criminal complaint was not specific enough to advise appellant of the nature of the offense charged in violation of Pa.R.Crim.P. 104 and (2) appellant was not sentenced within 60 days of his conviction pursuant to Pa.R.Crim.P. 1405(A)(1). While we disagree with appellant regarding his first contention, we are constrained to find merit in his second claim and vacate his judgment of sentence.

We initially note that we are proceeding without the benefit of a trial court opinion. Despite the requirement of Pa.R.A.P. 1925(a) for trial judges to file opinions setting forth the

---

**2.** We note that there are three types of contempt: civil, indirect criminal, and direct criminal. The distinction between civil contempt and indirect criminal contempt is subtle and often confusing. Our learned colleagues in the Commonwealth Court have summarized the differences between the types of contempt in the following manner:

> Contempt may be of a civil or criminal character. Criminal contempt may be either direct, if committed in the court's presence, or indirect, if the obstructive act is committed beyond the court's presence. *Brocker v. Brocker*, 429 Pa. 513, 241 A.2d 336 (1968), *cert. denied*, 393 U.S. 1081, 89 S.Ct. 857, 21 L.Ed.2d 773 (1969). The distinguishing factor between civil contempt and indirect criminal contempt is the "dominant purpose" of the contempt proceeding. If the dominant purpose of the court is to *punish* the contemnor for past refusal to obey an order, the contempt is classified indirect criminal. If the dominant purpose of the court is to coerce the entity into obeying the court's earlier order, the proceeding is civil. *See In re Martorano*, 464 Pa. 66, 346 A.2d 22 (1975).

*Richland Tp. v. Prodex, Inc.*, 166 Pa.Commw. 313, 318–19, 646 A.2d 652, 654 (1994). In the instant case, our review indicates that appellant was properly charged with and convicted of indirect criminal contempt as appellant refused to obey the existing protective order in conjunction with the lower court's apparent intent to punish him. *Id.*

reasons for their orders, the trial judge, in the instant case, indicated to this Court that he would "not file an opinion in this matter for the reason that [he] is fully satisfied that the record speaks for itself and clearly demonstrates that the instant appeal is without merit." We are surprised that the trial judge failed to follow our Rules of Appellate Procedure, as this Rule enables us to conduct effective and meaningful review of lower court decisions. The cooperation, by our brethren in the lower courts, provides the oil which keeps the wheels of the appellate process turning. Without such cooperation, those wheels could come to a screeching halt.

■■■■ Appellant's first claim, that the complaint was inadequate under Rule 104 of our Rules of Criminal Procedure, is without merit. According to this rule, a criminal complaint must include

a summary of the facts sufficient to advise the defendant of the nature of the offense charged, but neither the evidence nor the statute allegedly violated need be cited in the complaint. However, a citation of the statute allegedly violated, by itself, shall not be sufficient for compliance with this subsection.

Pa.R.Crim.P. 104(6)(a). Although the complaint "need not set forth the facts relating to an offense with the particularity of an indictment[,] . . . a minimum amount of detail is required." *Commonwealth v. Smouse,* 406 Pa.Super. 369, 373, 594 A.2d 666, 668 (1991) (citations omitted). Our main inquiry is whether a defendant was sufficiently informed of the nature of the offense charged and that he might be placed on trial for such crime. *Commonwealth v. Taraschi,* 327 Pa.Super. 179, 191–94, 475 A.2d 744, 751 (1984). *See also Commonwealth v. Wilkinson,* 278 Pa.Super. 490, 497–99, 420 A.2d 647, 651 (1980); *Commonwealth v. Grego,* 116 Pa.Super. 295, 296–97, 176 A. 550, 551 (1935).

In the instant case, appellant alleges that the complaint failed to set forth the facts relating to the charged offense in sufficient detail. We disagree. Here, the complaint stated:

> The acts committed by the defendant were: INDIRECT CRIMINAL CONTEMPT for VIOLATION of PROTECTIVE ORDER NO. 897 C.P. 1994 ... [which prohibited defendant] from abusing/harassing Petitioner/Petitioner's Relatives ... and [from] com[ing] to the residence of Petitioner. The defendant did on 12/17/94 at 3000 6th Ave. Altoona come to Kings Restaurant at approximately 0345 hours and was harassing Petitioner's relative Brian Stroh, which is in violation of the Protective Order issued by HONORABLE JUDGE THOMAS G. PEOPLES, JR.. The fact that the defendant did harass Petitioner's Relative (brother), Brian Stroh, the defendant is in violation of the order, and therefore is in INDIRECT CRIMINAL CONTEMPT. The petitioner of said order is Angel M. Stroh.

Criminal Complaint, 12/20/94. Thus, the instant complaint informed appellant that he was charged with the crime of indirect contempt for allegedly violating a protective order against Angel Stroh and her relatives. Further, the complaint set forth: the date on which appellant allegedly violated the order, December 17, 1994; the location where he allegedly violated the order, Kings Restaurant in Altoona; and how he allegedly violated the order, by harassing appellant's brother. Hence, appellant's first claim fails as the complaint sufficiently informed appellant of the nature of the offense charged and that he might be placed on trial for such crime. Pa.R.Crim.P. 104. *See Smouse, supra* (holding a complaint charging criminal homicide sufficient under Pa.R.Crim.P. 132 [3] where it stated that defendant intentionally, knowingly, recklessly or negligently caused the death of victim by beating him about the head and neck on September 10, 1989 in Pittsburgh, but did not identify the precise situs, exact time or facts supporting a conclusion that defendant committed the crime in the manner alleged).

■ Appellant's second contention, that the trial court erred in sentencing him in excess of sixty days of conviction,

---

**3.** Pa.R.Crim.P. 132 has since been renumbered as Rule 104 on August 9, 1994, effective January 1, 1995.

however, possesses merit. Accordingly, Rule 1405(A) of our Rules of Criminal Procedure states:

## A. Time For Sentencing

(1) Except as provided by Rule 1403.B [where the Court orders psychiatric or psychological examinations of a defendant after adjudication of guilt, but prior to sentencing], sentence in a court case shall ordinarily be imposed within 60 days of conviction or the entry of a plea of guilty or *nolo contendere.*

(2) When the date for sentencing in a court case must be delayed, for good cause shown, beyond the time limits set forth in this rule, the judge shall include in the record the specific time period for the extension.

Pa.R.Crim.P. 1405(A)(1), (2). Instantly, appellant was sentenced on May 25, 1995, some 111 days after his conviction on February 3, 1995. Therefore, the trial court clearly violated Rule 1405(A)(1).

Nevertheless, the Commonwealth argues that the trial court, under Rule 1405(A)(2), may delay sentencing for "good cause shown." Therefore, it asserts that the trial court did not sentence appellant on the conviction date because it granted time to appellant to file post-verdict motions, *i.e.* "good cause" to delay sentencing. It would logically follow that, the time used to decide appellant's post-verdict motions, from February 13, 1995 through April 27, 1995 (73 days), should be excluded from the Rule 1405 calculation. We disagree, however, that the allowance of filing or the decision of appellant's post-verdict motions constituted "good cause" to delay sentencing.

While no other case has interpreted the new version of Rule 1405(A)(1) and (2), our reading of that Rule in conjunction with Rule 1410, leads us to conclude that the time to decide any post-verdict motions by a trial court should be included in Rule 1405 calculations. The comments to Rule 1405 indicate that the rule is "intended to promote prompt and fair sentencing procedures by providing reasonable time limits for those procedures." Comments, Pa.R.Crim.P. 1405. Further,

[p]aragraph A(2) is not intended to sanction *pro forma* requests for continuances. Rather, it permits the judge to extend the time limit for sentencing under *extraordinary circumstances only*. Because such extensions are intended to be the *exception rather than the rule*, the extension must be for a specific time period, and the judge must include in the record the length of the extension.

*Id.* (emphasis added). On the other hand, Rule 1410 abolishes the former post-verdict motion, and requires that such motions be placed in the form of *post-sentence* motions. Accordingly, the Rule prescribes time limits for a defendant to file and the court to decide such motions which are measured from the imposition of sentence, *not* the adjudication of guilt. Pa. R.Crim.P. 1410(A), (B). Thus, in the instant case, the trial court should not have delayed sentencing appellant to decide his post-verdict motions, since such motions did not have to be filed or decided until *after* sentencing. It follows that the filing and deciding of appellant's post-verdict motions did not constitute "good cause" or "extraordinary circumstances" for the trial court to delay appellant's sentencing and such time will be included in Rule 1405 calculations. Consequently, to effect the purpose of Rule 1405, we are constrained to vacate appellant's sentence because the trial court erred when it sentenced appellant 111 days after his conviction without "good cause" for the delay. Pa.R.Crim.P. 1405(A)(1).

█ For the foregoing reasons, we vacate appellant's judgment of sentence and discharge appellant from probation.

Judgment of sentence vacated. Appellant discharged.

POPOVICH, J., filed a dissenting opinion.

POPOVICH, Judge, dissenting:

I respectfully dissent from the majority's conclusion that a violation of Pa.R.Crim.P. 1405, requires this court to vacate appellant's judgment of sentence and discharge him from his sentence of probation.

I agree that Pa.R.Crim.P. 1405(A)(1) provides that, "sentence in a court case shall ordinarily be imposed within 60

days of conviction or entry of a plea of guilty or *nolo contendre.*" I also agree that Pa.R.Crim.P. 1410 does away with the "post-trial" motion in favor of an optional "post-sentence" motion. Significantly, neither of those rules provides for any remedy, much less the ultimate remedy of *discharge,* when the sixty-day sentencing limit is violated, and I would not read such a requirement into the rule.

Indeed, if our supreme court intended the rule to require a defendant's conviction to be discharged when the sixty-day sentencing time-limit of Pa.R.Crim.P. 1405 was violated, I believe the court would have so provided specifically in much the same way as the court did in the related speedy trial rule of Pa.R.Crim.P. 1100(g) (expressly provides that a defendant may move to dismiss the charges with prejudice when the rule is violated). Further, appellant's right to be sentenced within sixty days of his conviction is clearly not a right of constitutional proportion warranting the ultimate sanction of discharge against the Commonwealth, unless the delay impacts upon appellant's right to a speedy trial. *See, Commonwealth v. Brockway,* 429 Pa.Super. 609, 633 A.2d 188, *appeal denied,* 537 Pa. 616, 641 A.2d 582 (1994) (speedy trial rights were not violated when defendant was not sentenced until three years after his conviction where defendant failed to demonstrate any prejudice cause by the delay); *Commonwealth v. Greer,* 382 Pa.Super. 127, 554 A.2d 980 (1989) (speedy trial right encompasses sentencing process; delay of over seven years did not implicate right to speedy trial where defendant did not object to the delay). Presently, I fail to see how appellant could have been prejudiced in any manner by the delay of 111 days between conviction and sentencing, and appellant has not alleged any prejudice.

I can not agree with the majority's determination that appellant's own mistake of filing a *post-trial* motion instead of the proper *post-sentence* motion, see Pa.R.Crim.P. 1410, should serve as the basis for his discharge. I think the delay caused by the filing of this inappropriate motion should be charged to appellant and constitute "good cause shown" for sentencing appellant beyond the sixty-day limit. This would

654

not be the first time our court has applied a Pa.R.Crim.P. 1100 analysis to an unrelated rule or "statute of limitation". *See, Commonwealth v. Quinn,* 405 Pa.Super. 487, 592 A.2d 1316 (1991), *appeal denied,* 529 Pa. 619, 600 A.2d 535 (any period of delay directly attributable to the accused tolls the limitations period as provided for in 42 Pa.C.S.A. § 5553, which mandates that all proceedings in court of common pleas for summary motor vehicle offenses must be completed within two years of purported offense).

Finally, I do not believe the majority would be so quick to discharge this defendant if his crime was one of murder, rape or aggravated assault, rather than indirect criminal contempt. 42 Pa.C.S.A. § 4136. Accordingly, I would affirm the decision of the court below.