COMMONWEALTH of Pennsylvania, Appellee,

v.

**Daren STILL, Appellant.**

Superior Court of Pennsylvania.

Submitted March 19, 2001.
Filed Sept. 13, 2001.

Douglas L. Dolfman, Philadelphia, for appellant.

Michael A. Dinges, Asst. Dist. Atty., Williamsport, for Com., appellee.

1. In *Thomas*, the Superior Court vacated a sentence not imposed within 60 days of conviction, in violation of Pa.R.Crim.P. 1405(A), which provides:

> [S]entence in a court case shall ordinarily be imposed within 60 days of conviction or the entry of a plea of guilty or *nolo conten-*

BEFORE: EAKIN, J., CERCONE, President Judge Emeritus and KELLY, J.

EAKIN, J.:

¶ 1 Daren Still appeals from the judgment of sentence for retail theft and criminal trespass. We affirm.

¶ 2 On March 4, 1996, Still pled guilty to the above offenses. Sentencing was scheduled for March 26, 1996, but was rescheduled due to an incomplete presentence investigation. On June 11, 1996, Still made an oral motion to dismiss the charges pursuant to *Commonwealth v. Thomas*, 449 Pa.Super. 646, 674 A.2d 1119 (1996). The motion was denied, but a request for continuance of sentencing to July 22, 1996, was granted.

¶ 3 On July 12, 1996, Still filed a motion to reconsider the motion to dismiss which was scheduled for hearing on July 23, 1996. On July 22, 1996, sentencing was postponed at Still's request to accommodate the hearing scheduled for the following day. Still failed to appear on July 23, 1996. The trial court entered an order dismissing the motion to reconsider and directed a bench warrant be issued.

¶ 4 On October 4, 1996, Still was arrested on the bench warrant. Five days later, a hearing was held at which Still offered no justification for his failure to appear. On January 17, 1997, the court ordered Still to appear January 23, 1997, for sentencing. Still filed a new motion pursuant to *Thomas*,[1] based on the failure to sentence him within 60 days of October 9, 1996.

> *dere.* When the date for sentencing in a court case must be delayed, for good cause shown, beyond the time limits set forth in this rule, the judge shall include in the record the specific time period for the extension.

¶ 5 On January 23, 1997, sentencing was again continued at Still's request so he could present testimony about the sentence scheduling policy of the judges of Lycoming County. On February 6, 1997, after a hearing, the second *Thomas* motion was denied and Still was sentenced to an aggregate term of 15 months to six years imprisonment. Still filed a notice of appeal February 21, 1997. On March 10, 1997, Still filed a Concise Statement of Matters Complained of on Appeal asserting the trial court erred in not following *Thomas*. On appeal, Still asserts the trial court erred in denying his motion to dismiss because he was not sentenced as provided by Pa.R.Crim.P. 1405(A), (now Rule 704),[2] after his arrest on the bench warrant; he asserts he was prejudiced by the delay.

¶ 6 Still could have been sentenced in July 1996, had he not chosen to become a fugitive. Pointing an accusing finger at the trial court for delay after having been a fugitive has measures of irony and chutzpah, but Still did remain unsentenced more than 60 days after his arrest. While we have found no cases specifically applying the Rule after an arrest on a bench warrant, the purpose of the Rule clearly is to avoid protracted incarceration without sentence. We find that once an accused is available for sentence, the tolling caused by his flight ends and the 60 days begin to run. *Anders*

makes clear the framework of an analysis of a delayed sentencing claim.

Rule 1405(A) eliminates the need for those *ad hoc* decisions [as to when a delay in sentencing warranted further inquiry into a potential constitutional violation] with one clear, uniform standard. In doing so, Rule 1405(A) "promote[s] prompt and fair sentencing procedures by providing reasonable time limits for those procedures." ... *However, Rule 1405(A) does not alter our well-established inquiry as to whether a given delay in sentencing violates a defendant's right to a speedy trial or to due process....* Rule 1405(A) simply substitutes for the first *Glover* factor: namely, whether the delay itself is sufficient to trigger further inquiry. Specifically, if the defendant is sentenced more than 60 days after conviction or the entry of a plea of guilty or *nolo contendere*, and the delay after the 60th day is not justified by good cause shown, then the delay is sufficient to trigger further inquiry.... Rule 1405(A) forms just one part of the court's analysis as to when a defendant's right to a speedy trial or to due process has been violated.

*Anders*, 699 A.2d at 1263–64 (citations omitted; emphasis added). In light of the general 60–day time period for sentencing provided by Rule 1405(A), this delay is sufficient to raise an untimely sentencing claim.

Pa.R.Crim.P. 1405(A)(1), (2). Effective January 1, 2000, the Rule was amended to extend the period of time to 90 days. For purposes of this appeal, the 1996 version of the Rule applies.

On August 22, 1997, *Thomas* was overruled by *Commonwealth v. Anders*, 699 A.2d 1258 (Pa.Super.1997) (*en banc*). On February 18, 1999, *Commonwealth v. Anders*, 555 Pa. 467, 725 A.2d 170 (1999), held the appropriate remedy for a violation of Rule 1405(A) is discharge only when the defendant can dem-

onstrate prejudice due to the delay. *Anders*, at 173.

2. At the time Still filed his motion to dismiss and his Rule 1925(b) statement, he properly relied on *Thomas* to assert his delayed sentencing claim. In his appeal, Still's arguments properly rely on the new standard provided in *Commonwealth v. Anders*, 699 A.2d 1258 (Pa.Super.1997) and *Commonwealth v. Anders*, 555 Pa. 467, 725 A.2d 170 (1999).

[T]o determine whether a defendant's speedy trial or due process rights were violated, the trial court should consider (1) the length of the delay falling outside of Rule 1405(A)'s 60–day–and–good–cause provisions, (2) the reason for the improper delay, (3) the defendant's timely or untimely assertion of his rights, and (4) any resulting prejudice to the interests protected by his speedy trial and due process rights. "Our approach has always been to determine whether there has in fact been prejudice, rather than to presume that prejudice exists." The court should examine the totality of the circumstances, as no one factor is necessary, dispositive, or of sufficient importance to prove a violation.

*Anders,* at 1264 (citations omitted).

¶ 7 Still remained unsentenced for more than the 60 days after he was available to be sentenced. As the record does not reflect any reason for this delay, no good cause has been shown. As Still timely asserted his rights, the prejudice factor will be determinative.

■ ¶ 8 Still's argument regarding prejudice is a mere statement: "Lastly, there was without question some resulting prejudice to the defendant's interests protected by his speedy trial and due process rights." Appellant's Brief, at 11. Still has failed to establish actual prejudice. His argument asserts only the type of presumed prejudice rejected by both the Supreme Court and this Court. *Commonwealth v. Anders,* 555 Pa. 467, 725 A.2d 170, 173 (1999); *Commonwealth v. Anders,* 699 A.2d 1258, 1264 (Pa.Super.1997). Accordingly, we see no reason to remand for

an evidentiary hearing because Still has not purported to argue what prejudice he has suffered as a result of the delay.[3] The purpose of an appeal is not to find facts or grant relief that has not been requested of the trial court.

¶ 9 Judgment of sentence affirmed.

---

3. Even if remand were appropriate, Still received credit for the time he was incarcerated, and did not spend more time incarcerated than if he had been sentenced earlier. In *Commonwealth v. Adams,* 760 A.2d 33 (Pa.Super.2000), the defendant claimed prejudice as

he had been in jail for nearly a year without being sentenced. We rejected this claim because Adams received credit for the time in jail, and did not spend more time incarcerated than he would have had he been sentenced earlier. *Id.*