J-S14045-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| IVAN TORRES-PANTOJAS | : | |
| | : | |
| Appellant | : | No. 491 MDA 2023 |

Appeal from the Judgment of Sentence Entered February 28, 2023
In the Court of Common Pleas of Luzerne County Criminal Division at
No(s):  CP-40-CR-0000254-2021,
CP-40-CR-0000884-2021, CP-40-CR-0001563-2020,
CP-40-CR-0002483-2021, CP-40-CR-0002501-2021

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| IVAN TORRES-PANTOJAS | : | |
| | : | |
| Appellant | : | No. 492 MDA 2023 |

Appeal from the Judgment of Sentence Entered February 28, 2023
In the Court of Common Pleas of Luzerne County Criminal Division at
No(s):  CP-40-CR-0000254-2021

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| IVAN TORRES | : | |
| | : | |
| Appellant | : | No. 493 MDA 2023 |

Appeal from the Judgment of Sentence Entered February 28, 2023
In the Court of Common Pleas of Luzerne County Criminal Division at
No(s):  CP-40-CR-0000884-2021

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                  :            PENNSYLVANIA
                                  :
          v.                          :
                                  :
                                  :
IVAN TORRES-PANTOJAS         :
                                  :
           Appellant          :     No. 494 MDA 2023

Appeal from the Judgment of Sentence Entered February 28, 2023
In the Court of Common Pleas of Luzerne County Criminal Division at
No(s): CP-40-CR-0002483-2021

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                  :            PENNSYLVANIA
                                  :
          v.                          :
                                  :
                                  :
IVAN TORRES-PANTOJAS         :
                                  :
           Appellant          :     No. 495 MDA 2023

Appeal from the Judgment of Sentence Entered February 28, 2023
In the Court of Common Pleas of Luzerne County Criminal Division at
No(s): CP-40-CR-0002501-2021

BEFORE: LAZARUS, P.J., PANELLA, P.J.E., and MURRAY, J.

MEMORANDUM BY MURRAY, J.:         **FILED: JUNE 17, 2024**

     Ivan Torres-Pantojas (Appellant) appeals from the judgment of sentence imposed after he pled guilty to two counts of possession with intent to deliver controlled substances, and one count each of criminal use of a communication facility, bringing contraband into prison, and possession of a prohibited offensive weapon.[1] We affirm.

---

[1] 35 P.S. § 780-113(a)(30); 18 Pa.C.S.A. §§ 7512(a), 5123(a), 908(a).

In 2020 and 2021, the Commonwealth charged Appellant with multiple offenses at five separate dockets. On September 12, 2022, Appellant pled guilty to the above offenses, one count at each docket, and the Commonwealth *nolle prossed* the remaining charges.

The trial court initially scheduled Appellant's sentencing for November 10, 2022. On October 21, 2022, the court issued a notice rescheduling sentencing to December 28, 2022. On December 28, 2022, Appellant moved to continue sentencing, and the court set a new sentencing date for January 5, 2023. Prior to that date, Appellant requested another continuance, and the court rescheduled sentencing for February 28, 2023.

On February 28, 2023, the court imposed an aggregate sentence of 3 to 7 years in prison, with credit for time served. Pertinent to this appeal, Appellant's sentencing ultimately took place 169 days after his guilty plea.

On March 13, 2023, at all five dockets, Appellant filed *pro se* petitions for relief under the under the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546. Appellant argued his sentencing taking place more than 90 days after his guilty plea violated Pennsylvania Rule of Criminal Procedure 704. On March 20, 2023, the PCRA court dismissed Appellant's petitions "for want of jurisdiction," noting Appellant's judgment of sentence was not yet final. Order, 3/20/23 (citing 42 Pa.C.S.A. § 9545(b)(3)).

On March 28, 2023, Appellant, *pro se*, filed timely notices of appeal at all five dockets.[2] The court appointed new counsel (Counsel), who filed a Pa.R.A.P. 1925(b) statement raising the sole issue of "[w]hether the PCRA [c]ourt erred in dismissing [Appellant's] PCRA [petition] for want of [j]urisdiction?" Rule 1925(b) Statement, 5/8/23, ¶ 1. The court issued an opinion under Rule 1925(a).

On June 23, 2023, we granted Appellant's application to consolidate the five appeals. On July 25, 2023, Counsel filed in this Court a petition to withdraw and a brief in accordance with ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988), and ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). On August 10, 2023, we entered an order, stating:

> [U]pon review of the trial court record, it appears the instant matter is an appeal from Appellant's February 28, 2023[,] judgments of sentence, rather than from the trial court's March 20, 2023[,] orders dismissing Appellant's PCRA petition as premature.

Order, 8/10/23. We remanded, directing Counsel to file an amended Rule 1925(b) statement and the trial court to file an amended Rule 1925(a) opinion. ***Id.*** We also denied Counsel's petition to withdraw without prejudice, directing Counsel to file either an advocate's brief or a new petition to withdraw and an ***Anders*** brief.[3] ***Id.***

---

[2] Appellant did not designate whether he appealed his judgments of sentence or the denial of PCRA relief.

[3] ***See Anders v. California***, 386 U.S. 738 (1967).

On remand, Counsel filed an amended Rule 1925(b) statement, and the trial court filed an amended Rule 1925(a) opinion. On April 2, 2024, Counsel filed an advocate's brief in this Court.

Appellant presents a single question for review: "Whether Appellant was entitled to judgment[s] of acquittal in that he was not sentenced within 90 days of his entry of a guilty plea in violation of Pa.R.Crim.P. 704[?]" Appellant's Brief at 1. Appellant argues the trial court violated his due process and speedy trial rights by sentencing him 169 days after his guilty plea. *Id.* at 6. Appellant requests the matter "be remanded to the trial court for an evidentiary hearing to determine the issue of undue delay and whether Appellant suffered prejudice [due] to the untimely sentencing." *Id.* at 7.

The Commonwealth counters that the sentencing delay was "relatively brief," and that Appellant failed to allege any resulting prejudice. Commonwealth Brief at 3.

Rule 704 provides, in relevant part:

**(A) Time for Sentencing.**

(1) Except as provided by Rule 702(B) [relating to psychiatric or psychological examinations], sentence in a court case shall ordinarily be imposed within 90 days of conviction or the entry of a plea of guilty or *nolo contendere*.

(2) When the date for sentencing in a court case must be delayed, for good cause shown, beyond the time limits set forth in this rule, the judge shall include in the record the specific time period for the extension.

Pa.R.Crim.P. 704(A).

> The appropriate remedy for a violation of … Pa.R.Crim.P. 704 is discharge. However, the remedy does not automatically apply whenever a defendant is sentenced more than ninety days after conviction without good cause. Instead, a violation of the ninety-day rule is only the first step toward determining whether the remedy of discharge is appropriate.

*Commonwealth v. Diaz*, 51 A.3d 884, 887 (Pa. Super. 2012) (quoting *Commonwealth v. Anders*, 725 A.2d 170, 173 (Pa. 1999)) (brackets omitted). **"A defendant sentenced in violation of Rule 704 … is entitled to a discharge only where the defendant can demonstrate that the delay in sentencing prejudiced him or her."** *Commonwealth v. Null*, 186 A.3d 424, 433 (Pa. Super. 2018) (quoting *Anders*, 725 A.2d at 173) (brackets omitted; emphasis added).

> To determine whether discharge is appropriate, the trial court should consider: (1) the length of the delay falling outside of the … 90-day-and-good-cause provisions; (2) the reason for the improper delay; (3) the defendant's timely or untimely assertion of his rights; and (4) any resulting prejudice to the interests protected by his speedy trial and due process rights. Prejudice should not be presumed by the mere fact of an untimely sentence. Our approach has always been to determine whether there has in fact been prejudice, rather than to presume that prejudice exists. The court should examine the totality of the circumstances, as no one factor is necessary, dispositive, or of sufficient importance to prove a violation.

*Diaz*, 51 A.3d at 887 (quoting *Anders*, 725 A.2d at 173) (brackets omitted).

"[W]hether discharge is required when sentencing occurs after the 90 days under Rule 704 presents a mixed question of fact and law." *Commonwealth v. Neysmith*, 192 A.3d 184, 192 (Pa. Super. 2018).

Because the *Anders* factors are "case-specific and fact-intensive," we have

concluded

> that factual aspects predominate this mixed question of law and fact, and the trial judges sit in the best position to determine the causes and impacts of delays in their own courtrooms. Accordingly, … we will review the trial court's application of the *Anders* factors deferentially…. [W]e defer to the trial court's judgment on this issue of alleged undue delay and shall reverse only for an abuse of discretion.

*Id.*

Here, the trial court determined discharge was not appropriate,

conducting the following analysis:

> [Appellant] pled guilty on September 12, 2022[,] and was sentenced 169 days later on February 28, 2023, exceeding the 90 day limit by 79 days….
>
> A review of the timeline indicates that **40 of the 79 days in excess of the time limit were due to continuances requested by [Appellant].** The remaining 39 days of delay were attributable to scheduling issues with the [trial] court's calendar. No motions seeking continuances were filed by the Commonwealth. It is apparent from the docket that none of the excess days were the result of either the Commonwealth's or the [trial] court's inexcusable or intentional delay. Importantly, the record shows no attempt to unreasonably delay [Appellant's] sentencing.
>
> In addition, [Appellant] is unable to show prejudice. **Although [Appellant] referenced Rule 704 at his sentencing hearing, he did not claim he was prejudiced by the delay in sentencing.** N.T., 2/28/23, at 11.[4] [Appellant] received credit

---

[4] Though cited by both the trial court and Appellant, the sentencing hearing transcript is not included in the certified record before this Court. "[I]t is an appellant's duty to ensure that the certified record is complete for purposes of review," and "[f]ailure to ensure that the record provides sufficient information

*(Footnote Continued Next Page)*

for the time he was incarcerated prior to the sentencing hearing, and he did not spend more time incarcerated than he would have if he had been sentenced earlier. *See Commonwealth v. Still*, 783 A.2d 829, 832 n.3 (Pa. Super. 2001).[5]

After examining the totality of the circumstances, it is apparent that discharge is not warranted in this case….

Trial Court Opinion, 10/4/23, at 3, 5-6 (emphasis and footnotes added; citations modified).

We agree with the trial court's analysis and conclusion. The length of the sentencing delay was not substantial, and Appellant's own continuance requests caused a significant portion of it. Importantly, Appellant fails to argue he suffered any prejudice resulting from the delay. *See generally* Appellant's Brief. As Appellant has not even alleged prejudice, there is no reason to remand for an evidentiary hearing. *Still*, 743 A.2d at 832. Because he has not demonstrated prejudice, Appellant is not entitled to the remedy of discharge. *Null*, 186 A.3d at 433. Accordingly, his issue merits no relief.

---

to conduct a meaningful review constitutes waiver of the issue sought to be reviewed." *Commonwealth v. Lopez*, 57 A.3d 74, 82 (Pa. Super. 2012) (citations omitted). Nothing in Appellant's brief contradicts the trial court's account of the sentencing hearing. *See* Appellant's Brief at 7.

[5] In *Still*, we determined no prejudice resulted from delayed sentencing, where the appellant "received credit for the time he was incarcerated, and did not spend more time incarcerated than if he had been sentenced earlier." *Still*, 743 A.2d at 832 n.3. Because the appellant failed "to argue what prejudice he has suffered as a result of the delay," we saw "no reason to remand for an evidentiary hearing…." *Id.* at 832.

Judgment of sentence affirmed.


Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary


Date: 6/17/2024